# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-50835
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ESEQUIEL URIBES,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-326-1

———————————————————————

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Esequiel Uribes appeals his conviction and sentence for assaulting a federal officer. He contends that the district court incorrectly admitted evidence of his post-arrest conduct.

We review for abuse of discretion subject to harmless error. *United States v. Gurrola*, 898 F.3d 524, 536 (5th Cir. 2018). Evidence of a

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50835

defendant's other bad acts is inadmissible under Federal Rule of Evidence 404(b) to prove character or to show that the defendant acted in conformity with such character. *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007). Such evidence, however, "is generally admissible if 'intrinsic' to the crimes charged" — "Evidence is considered intrinsic if it is an uncharged offense which arose out of the same transaction . . . as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime of the trial." *Gurrola*, 898 F.3d at 536 (internal quotation marks and citation omitted).

The Government presented evidence that Uribes acted aggressively while detained, damaged his detention cells, faked a shoulder injury, and admitted that he had previously behaved similarly to obtain civil damages. His conduct was intrinsic to the charged offense in that it "complete[d] the story" of his assault on the federal officer. *Id.*

Evidence of Uribes's post-arrest conduct was also admissible as extrinsic evidence under Rule 404(b). *See United States v. Jiminez-Elvirez*, 862 F.3d 527, 536 (5th Cir. 2017). Such evidence must be "relevant to an issue other than the defendant's character," and it "must possess probative value that is not substantially outweighed by its undue prejudice" under Rule 403. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Extrinsic evidence has relatively great probative value when the defendant has urged particular defenses. *See, e.g.*, *United States v. Naidoo*, 995 F.3d 367, 377 (5th Cir. 2021). Here, evidence of Uribes's aggressive post-arrest conduct is probative of Uribes's defense that it was the officer who started the physical altercation. The probative value of the evidence outweighs any potential prejudice because of the foregoing reasons, the amount of time separating the actions from the offense, and the district court's limiting instructions. *See United States v. Jones*, 930 F.3d 366, 373 (5th Cir. 2019).

No. 22-50835

For the foregoing reasons, the judgment of the district court is AFFIRMED.